UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Corey K. Miller, # 220084, | ) C/A No. 3:07-2148-MJP-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| New Hill Top Apatm [*sic*] and State Farm Insurance, Fire Claime [*sic*] Central, | ) |
| Defendants. | ) |

### *Background of this Case*

The plaintiff is an inmate at the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC), located in Lancaster County. The plaintiff has brought suit, *pro se,* against an apartment complex and its insurance company for a fall from a balcony sustained by the plaintiff at the New Hill Top Apartment Complex on August 27, 2005. Although there are spelling errors in the caption of the complaint, it is clear that the plaintiff has brought suit against the New Hill Top Apartments and the State Farm Insurance Company. The insurance

1



company, apparently, refused to pay the plaintiff's personal injury claim because it found no negligence. The plaintiff seeks twenty thousand dollars ($20,000) in damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).

As the plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 75 U.S.L.W. 3643, 127 S.Ct. 2197, 2007 U.S. LEXIS® 6814 (U.S., June 4, 2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint is still subject to summary dismissal. The requirement of

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

### *Discussion*

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352, 1998 U.S.App. LEXIS® 13210 (4th Cir. 1998). Further, since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399, 1999 U.S.App. LEXIS® 20859 (4th Cir. 1999), *cert. denied*, *Pinkley, Inc. v. Servacek*, 528 U.S. 1155, 2000 U.S. LEXIS® 1043 (2000)(*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337, 327 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, *supra*, 147 F.3d at 352. *See also* F. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Generally, a case can be originally filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332 or if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331, and "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650, 1988 U.S.App. LEXIS® 12311 (4th Cir. 1988)(*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]", although a "federal court may

3



[nevertheless] find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.*, *supra*, 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).  Here, no such jurisdictional basis is set forth in the pleading.

First, if the above-captioned case is treated as a civil rights action filed pursuant to 42 U.S.C. § 1983, it is subject to summary dismissal because the Defendants have not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52, 143 L.E.2d 130, 119 S.Ct. 977, 1999 U.S. LEXIS® 1711 (1999); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982); *See also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."). Here, both Defendants are private companies or entities, not state actors. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment.  *See Lugar v. Edmondson Oil Co.*, *supra*, 457 U.S. at 936; and *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).

Although it is possible for a private individual or corporation to act under color of state law, his, her, or its actions must occur where the private individual or corporation is a willful participant in joint action with the State or with an agent of the State.  *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).  Whether a private individual's action or corporation's action rises to the level of state action necessarily depends on the relationship between the activity and the state, with the



inquiry involving "whether there is a sufficiently close nexus between the State and the challenged action . . . so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974). It is well settled, however, that "a private person does not act under color of state law simply because he invokes state authority." *Brummett v. Camble*, 946 F.2d 1178, 1184, 1991 U.S.App. LEXIS® 26889 (5th Cir. 1991), *cert. denied*, *Campbell v. Brummett*, 504 U.S. 965, 119 L.Ed.2d 241, 112 S.Ct. 2323, 1992 U.S. LEXIS® 3384 (1992).[2]

In *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. *See Auster Oil & Gas Co., Inc. v. Stream*, 764 F.2d 381, 388, 1985 U.S.App. LEXIS® 30764 (5th Cir. 1985); *American Mfr. Mut. Ins. Co. v. Sullivan*, *supra*, 526 U.S. at 50-52 (held: private insurer did not act under color of state law, for purposes of 42 U.S.C. § 1983, when it terminated payment of workers compensation benefits pending review); *cf. Kreschollek v. Southern Stevedoring Co.*, 223 F.3d 202, 2000 U.S.App. LEXIS® 18189 (3rd Cir. 2000)(applying holding in *Sullivan* to suit alleging action under color of federal law: termination of LHWCA [Longshoremen and Harbor Workers' Compensation Act] benefits by insurance company did not involve "federal government" action).   Hence, any "premises liability"[3] or negligence on the part of the apartment complex and the denial of a personal

---

[2]In this citation, there are variant spellings of the party known as Camble or Campbell.

[3]"Premises liability" relates to various causes of action under South Carolina law. *See, e.g., Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 542 S.E.2d 728, 729, 2001 S.C. LEXIS® 32 (2001); *Hancock v. Mid-South Management, Inc.*, 370 S.C. 131, 634 S.E.2d 12, 2007 S.C.App. LEXIS® 120 (S.C.Ct.App. 2007)(outlining premises liability to invitee), which cites *Callandar v. Charleston Doughnut Co.*, 305 S.C. 123, 406 S.E.2d 361, 1991 S.C. LEXIS® 137 (1991); and *cf. Marcum v. Bowen*, 372 S.C. 452, 643 S.E.2d 85,
(continued...)



injury claim by its insurance company do not constitute action under color of state law, and Plaintiff may not therefore maintain this claim in this Court under federal question jurisdiction.

A civil action for negligence or premises liability would be cognizable in this court under the diversity statute, if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791, 1992 U.S.Dist. LEXIS® 21007 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, 1993 U.S.App. LEXIS® 30,080 (4th Cir., November 22, 1993), 10 F.3d 806 [Table]. However, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).

Here, although the plaintiff and State Farm Insurance would appear to be diverse parties, the citizenship of the New Hill Top Apartments is not disclosed in the complaint.[4] Since the plaintiff could conceivable drop the New Hill Top Apartments as a defendant to "create" complete

---

[3](...continued)
2007 S.C. LEXIS® 45 (2007)(social host liable for provision to alcoholic beverages served to persons between ages 18 and 20 and to any other person for damages proximately caused by host's service of alcohol).

[4] It is not even clear whether New Hill Top Apartments is an entity capable of being sued. A search of records in the "South Carolina Public Records" database on the LEXIS® service revealed no corporation or partnership registered under the name "New Hill Top."



diversity, *Heniford v. American Motors Sales Corporation*, 471 F. Supp. 328 (D.S.C. 1979), *appeal dismissed*, 622 F.2d 584 (4th Cir. 1980)[Table], the undersigned has analyzed Plaintiff's claim under the assumption that complete diversity of parties exists.

Even so, the amount in controversy in this case is only $20,000. Since the amount in controversy in this case is less than the jurisdictional amount set forth in 28 U.S.C. § 1332, this United States District Court lacks diversity jurisdiction over this case. *See Miller v. Lifestyles Senior Housing Managers*, 2005 WESTLAW® 1397401, *1 [no LEXIS® citation available] (E.D.Cal., June 13, 2005)("Diversity jurisdiction requires complete diversity of citizenship among the parties, as well as a minimum amount in controversy of more than $75,000."); and *Jennings v. University of North Carolina at Chapel Hill*, 240 F.Supp.2d 492, 497, 2002 U.S.Dist. LEXIS® 25254 (M.D.N.C.2002). *See also McCarty v. Amoco Pipeline Co.*, 595 F.2d 389, 390-395 & nn. 2-7 (7th Cir. 1979)(collecting cases); *Cowan v. Windeyer*, 795 F. Supp. 535, 536-537, 1992 U.S.Dist. LEXIS® 8657 (N.D.N.Y. 1992); *Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 282-283 & nn. 3-4, 1989 U.S.Dist. LEXIS® 11231 (S.D.Ala. 1989); *Woodmen of World Life Insurance Society v. Great Atlantic & Pacific Tea Co.*, 561 F. Supp. 640, 641-642 (N.D.Ill. 1982); and *Carr v. Mid-South Oxygen, Inc.*, 543 F. Supp. 299, 300 (N.D.Miss. 1982).

### *Conclusion*

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654, 1999 U.S.App. LEXIS® 20860 (4th Cir. 1999). If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id*. Here, this federal court lacks



subject matter jurisdiction (federal question jurisdiction or diversity jurisdiction) over the above-captioned case for the reasons stated.

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*, *supra*; *Neitzke v. Williams*, *supra*; *Haines v. Kerner*, *supra*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh*, *supra*; *Todd v. Baskerville*, *supra*, 712 F.2d at 74; and 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)].  *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134, 1997 U.S.App. LEXIS® 1763 (6th Cir. 1997)(pleadings by non-prisoners should also be screened);  *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364, 2000 U.S.App. LEXIS® 18180 (2nd Cir. 2000)("District courts . . . are . . . capable of determining when an action is frivolous.  Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.");  *see* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

The plaintiff is not, however, without a judicial remedy against the defendants: the plaintiff can



bring a negligence action or "premises liability" action against the defendants in a South Carolina Court of Common Pleas.

   The plaintiff's attention is directed to the Notice on the next page.

              Respectfully submitted,

July 18, 2007         Bristow Marchant
Columbia, South Carolina     United States Magistrate Judge



**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in the waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

10

